UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

     Plaintiff,

                                   Case No. 22-11694

v.                               Honorable Victoria A. Roberts

SUPERIOR TIRE & RUBBER
CORPORATION,

     Defendant.

_____/

## ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS [ECF No. 13]; and (2) DISMISSING THE COMPLAINT WITHOUT PREJUDICE

## I.    INTRODUCTION

Travelers Property Casualty Company of America ("Travelers") brings a declaratory judgment action seeking to clarify its obligations – if any – under a commercial insurance policy (the "Policy") issued to Superior Tire & Rubber Corporation ("Superior Tire").  Specifically, Travelers seeks a declaration that it has no obligation under the Policy to defend and/or indemnify Superior Tire with respect to a personal injury lawsuit filed against Superior Tire in Wayne County Circuit Court.

Before the Court is Superior Tire's motion to dismiss.  [ECF No. 13].

For the reasons below, the Court **GRANTS** the motion.

## II.    BACKGROUND

### A.    The Underlying State Court Action

#### i.    The Complaint; Correspondence with Superior Tire; and Attempted Service on Superior Tire

On April 20, 2020, Kenneth Collins ("Collins") filed a complaint in Wayne County Circuit Court against Anderson Fork Lift Maintenance Company and JD Hi-Lo Tire Companies seeking damages for injuries he allegedly sustained when a rear wheel fell off of the hi-lo he was operating (the "Underlying Action").  Collins was an employee of Great Lakes Wine & Spirits when the incident occurred.  He alleged that Anderson and JD Hi-Lo were the repairer and maintainer of equipment at Great Lakes.

Collins' attorney requested information from Superior Tire.  On May 11, 2020, Superior Tire's Director of Human Resources, Keith Bertch, responded to the fax request.  Bertch stated that Superior Tire: (1) is a manufacturer of industrial tires and wheels; (2) does not now and has never serviced equipment; (3) has no records showing the sale of its product directly to Great Lakes; and (4) had "no responsibilities" in the matter.

On August 31, 2020, Bertch responded to another request for information from Collins' attorney.  He again stated Superior Tire: (1) is a manufacturer of industrial tires; (2) does not perform maintenance on hi-los

at Great Lakes or anywhere else; and (3) denies any responsibility in the injury to Collins.

On December 21, 2020, Collins filed a fourth amended complaint ("Complaint") naming Forklift Tires of East Michigan, Inc. and Superior Tire as defendants. Collins asserted two counts; Count I alleged that the defendants negligently caused Collins' injuries, and Count II alleged breach of warranty.

On December 29, 2020, Collins sent a copy of the summons and Complaint to Superior Tire at its registered office – 40 Scientific Road, P.O. Box 308, Warren, PA 16365 – via certified mail.  Thomas Westfall signed for it; he is an hourly driver in Superior Tire's maintenance department.

Whether this constituted proper service on Superior Tire is now before the Michigan Court of Appeals.

Superior Tire says it did not constitute proper service because Mich. Ct. R. 2.105(D) requires that process on a foreign corporation be made by either: (1) serving a summons and a copy of the complaint on an officer or the resident agent; or (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the

corporation.  Superior Tire says sending a summons and complaint by certified mail fails to satisfy either of the two methods of service required by MCR 2.105(D).

### ii.    Superior Tire Does Not Appear; Default Judgment

Superior Tire failed to answer or otherwise respond to the Complaint. In February 2021, Collins requested and received a clerk's entry of default against Superior Tire for failure to plead or otherwise defend the action.

On June 29, 2021, Collins' attorney sent a letter via fax addressed to Bertch requesting that Superior Tire contact her and provide all records related to the Underlying Action.  The letter referenced Collins' attorney's prior correspondence to Bertch, Bertch's August 30, 2020 response, the purported service of the Complaint on Superior Tire; and the February 12, 2021 entry of default.  Neither Bertch nor Superior Tire responded to the letter.

On July 26, 2021, Collins' attorney sent a copy of the June 29th letter to Superior Tire; however, this time she sent it via email to info@superiortire.com and by regular and certified mail to Superior Tire's registered office.

On September 21, 2021, Collins moved for entry of default judgment. Collins sent a copy of the motion to Bertch by ordinary mail.  On October

4

20, 2021, Collins sent Bertch a "Re-Notice of Hearing on the Motion for Entry of Default Judgment" via ordinary mail.

On November 12, 2021, the Wayne County Circuit Court entered a default judgment against Superior Tire in the Underlying Action in the amount of $1,000,000.

Collins' attorney sent Superior Tire a copy of the default judgment via email and by regular and certified mail addressed to Bertch.  On November 23, 2021, Superior Tire employee Will Roberts signed for the receipt of the default judgment and November 16th letter.

### iii.    Notice to Travelers

On May 3, 2022, Superior Tire notified Travelers for the first time about the Underlying Action and provided Travelers with a copy of the November 12, 2021 default judgment.

### iv.    Motion to Set Aside Default Judgment; Appeal

On June 28, 2022, Superior Tire moved to reopen the case and set aside the default and default judgment.  It argued that the default and default judgment were void because Collins failed to properly serve the summons and Complaint under Michigan Court Rules.  The court denied the motion and closed the case.

Superior Tire moved for leave to appeal.  The Michigan Court of Appeals granted the motion.  The appeal is limited to whether Collins failed to properly serve the Complaint, such that the trial court lacked personal jurisdiction over Superior Tire and the default judgment is void.

## B.    This Action

On July 22, 2022, Travelers filed a complaint for declaratory judgment seeking a declaration that it has no obligation under the Policy to defend and/or indemnify Superior Tire in the Underlying Action. Travelers says it is entitled to such a declaration because Superior Tire failed to perform its contractual duties under the Policy.

In relevant part, the Policy requires an insured to: (1) "notif[y]" Travelers "as soon as practicable of an 'occurrence' or an offense which may result in a claim"; and (2) "Immediately send [Travelers] copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit.'"  [ECF No. 1, PageID.11].

Travelers contends that Superior Tire breached these obligations by failing to "provide Travelers with timely notice of an occurrence which may result in a claim" "after receiving correspondence from Collins' attorney on May 8, 2020 and again on August 20, 2020." [*Id.*, PageID.13].  Moreover, Travelers claims that Superior Tire further breached its contractual duties

6

"by failing to immediately send Travelers a copy of the Fourth Amended Complaint, a copy of the Default entered against Superior, a copy of Collins' Motion for Entry of Default Judgment, a copy of the Default Judgment against Superior, and copies of other legal papers and/or correspondence received in connection with the Underlying Action."  [*Id.*].

Superior Tire moves to dismiss the complaint; it asks the Court to decline jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. The motion is fully briefed.

## III.   DISCUSSION

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States ... *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  "The Act is 'an enabling Act, which confers discretion on the court rather than an absolute right upon the litigant,'" *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014), and at times, the better exercise of discretion favors abstention, *see Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004).

Although there is no *per se* rule against exercising jurisdiction in actions involving insurance coverage questions, the Sixth Circuit held that

7

"declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." *Bituminous*, 373 F.3d at 812-13 (citation omitted). "[S]uch actions ... should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem. Otherwise[,] confusing problems of scheduling, orderly presentation of fact issues and *res judicata* are created." *Id.* at 812 (citation omitted).

In *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323 (6th Cir. 1984), the Sixth Circuit identified five factors for courts to consider in determining whether to exercise jurisdiction over a declaratory judgment action: (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*"; (4) whether the use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *Id.* at 326; *Bituminous*, 373 F.3d at 813. These factors require the Court to consider "three things: efficiency, fairness, and federalism." *Hoey*, 773 F.3d at 759. The Sixth Circuit has

never indicated the relative weight of the factors; that is because "the factors are not . . . always equal." *Id.* ("The relative weight of the underlying considerations of efficiency, fairness, and federalism will depend on facts of the case.").

### A.    First Factor: Settlement of the Controversy

The first factor to consider is whether this Court's judgment would settle the controversy.

Travelers says this factor weighs in favor of exercising jurisdiction because "a resolution of the coverage issues in this declaratory judgment action will fully and completely resolve the controversy between Travelers and Superior Tire."  [ECF No. 15, PageID.511].

Superior Tire says this factor favors abstention because: (1) "the declaratory judgment action would not settle the controversy in the state court action"; and (2) resolving the declaratory judgment action could lead to inconsistent results because the Court "would be required to delve into factual issues that likely will be litigated in the state court action, including, but not limited to, whether Plaintiffs achieved proper service over Superior Tire consistent with Michigan Court Rule 2.105(D) . . ., the date that Superior Tire first obtained notice of the plaintiffs' claims against it[,] and

whether Superior Tire notified Travelers of the plaintiffs' claims as soon as practicable."  [ECF No. 13, PageID.321-322].

The parties' arguments highlight a split in authority regarding what the term "controversy" means for purposes of the first factor.  Indeed, "[t]wo lines of precedent . . . have developed in [the Sixth Circuit] regarding consideration of this first factor in the context of an insurance company's suit to determine its policy liability."  *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008).  One line of cases focuses on whether the declaratory judgment action will settle the coverage controversy regardless of whether it will resolve the underlying state-court action. *See id.* (collecting cases).  The other line of cases reasons that "while such declaratory actions might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy between the parties which is ongoing in state court."  *Id*. (citing *Travelers Indem. Co. v. Bowling Green Prof. Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007); *Bituminous*, 373 F.3d at 814 (additional citations omitted)).

In *Flowers*, the Sixth Circuit observed that "the difference between these lines of cases appears to rest on the competing policy considerations of consolidating litigation into one court versus permitting a party to determine its legal obligations as quickly as possible."  *Id*. at 555.

10

Alternatively, the court found that "the contrary results … *might also be explained by their different factual scenarios*." *Id.* (emphasis added).

Comparing the facts presented here with the different cases in the two lines of precedent, the Court finds that the first factor favors abstention.

In *Travelers*, the Sixth Circuit held that the district court abused its discretion in exercising jurisdiction over a declaratory judgment action brought by two insurers against an insured regarding the insurers' indemnity and defense obligations in an underlying state court action. 495 F.3d at 271-74.

The state court action arose out of a fatal car accident. *Id.* at 268. The driver of the at fault vehicle (Wampler) received methadone treatment from a doctor at Bowling Green Professional Associates – an out-patient drug-treatment facility – and then hit another vehicle with his car, killing the other driver (Caudill) and himself. *Id.* Caudill's estate filed suit against Bowling Green and Wampler's estate, and Wampler's estate asserted a third-party claim against Bowling Green and Wampler's physician. *Id.* at 268-69. After Bowling Green sought defense and indemnification from two of its liability insurers (Evanston and Travelers), Travelers filed a declaratory judgment action regarding its coverage obligations, and Evanston cross-claimed seeking a similar declaration. *Id.*

11

The district court exercised jurisdiction and granted a declaratory judgment in favor of both insurers.  *Travelers*, 495 F.3d at 268-69.  The Sixth Circuit *sua sponte* raised the discretionary jurisdiction issue and reversed the district court's exercise of jurisdiction.  *Id.* at 271. Regarding the first two factors, the court reasoned:

> Granting the declaratory relief sought by Evanston and Travelers settles the scope of insurance coverage under the respective policies and clarifies their obligation to defend Bowling Green in the state court action, *but it does nothing to settle the controversy* or "*clarify the legal relationship*" *between the other parties*. Significantly, parties who may be potentially affected by the judgment, including the estates of Wampler and Caudill, were not joined in the federal district court action and are not parties now. As non-parties, the estates of Wampler and Caudill are not bound by the entry of a declaratory judgment. Thus, we conclude that the first two factors weigh against federal jurisdiction.

*Travelers*, 495 F.3d at 272 (emphasis added).

In *Bituminous*, the Sixth Circuit reached a similar conclusion regarding the first two factors because the plaintiff from the underlying state court action was not a part in the declaratory judgment action:

> [A] declaration of insurance coverage would not resolve the controversy. Although a declaratory judgment would settle the controversy between [the insurance company] and [the insured/defendant in the state court action], [the plaintiff in the state court action] was not made a party to the declaratory judgment action. Therefore, any judgment in the federal court would not be binding as to him and could not be res judicata in the tort action. Regardless of the judgment rendered in the declaratory judgment action, [the plaintiff in the state court

12

> action] would be entitled to pursue third-party recovery from
> [the insurance company] in Kentucky state court if he were
> successful in his tort action.

*Bituminous*, 373 F.3d at 814.

As in *Bituminous* and *Travelers*, a declaration of insurance coverage would not resolve this controversy because Collins – the plaintiff in the Underlying Action – is not part of this declaratory judgment action. No judgment in this case could bind him or have *res judicata* effect in the tort action or a separate collection suit by Collins against Travelers. Regardless of this Court's judgment, Collins would be entitled to pursue third-party recovery from Travelers in Michigan state court if he is successful in the Underlying Action. *See Bituminous*, 373 F.3d at 814.

The first factor also weighs against exercising jurisdiction because resolving the insurance coverage dispute would: (1) require the Court to decide an issue that has been, or will be, considered by the state court; and (2) present a risk of inconsistent results on the same fact determinations. *See State Farm Mut. Auto. Ins. Co. v. Mauricio*, No. 17-13305, 2018 WL 263038, at *3 (E.D. Mich. Jan. 2, 2018) (holding that the first factor favors abstention because of the real possibility of inconsistent results on the same factual determinations); *Arch Ins. Co. v. FZ Servs., LLC*, No. 15-CV-11271, 2015 WL 4644982, at *5 (E.D. Mich. Aug. 5, 2015) (finding that the

13

first factor weighed against exercising jurisdiction because "the Court could not resolve the insurance dispute without *unnecessarily* duplicating the proceedings or considering an issue that has been, or will be, considered by the state court").

To resolve the insurance coverage dispute, this Court would need to determine when Superior Tire had notice of the Underlying Action; this would require the Court to make factual findings regarding when and what Collins sent Superior Tire.  Although the Court would not need to decide whether Collins' properly served Superior Tire under Michigan Court Rules, this Court's factual findings regarding notice – including, among other things, (1) when Collins sent Superior Tire notice of the case; (2) what Collins sent to Superior Tire (e.g., the Complaint and summons, just a letter, etc.); (3) how Collins notified Superior Tire (e.g., registered mail, personal service, etc.); and (4) what and when Superior Tire received from Collins – would likely overlap with factual issues that must be decided in the Underlying Action to resolve the service issue. This presents a real risk of inconsistent results on the same fact determinations.

The first factor favors abstention.

**B.    Second Factor:  Clarifying the Legal Relations at Issue**

14

The second factor "is closely related to the first factor and is often considered in connection with it. . . . Indeed, it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Flowers*, 513 F.3d at 557. The relevant inquiry is whether the declaratory judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer." *Id.*

Because Collins is not a party to this suit, a declaratory judgment will not resolve, "once and finally," Traveler's duty to indemnify. *See Travelers*, 495 F.3d at 272; *Bituminous*, 373 F.3d at 814. Indeed, as the Sixth Circuit held in *Travelers* and *Bituminous*, because the plaintiff in the state court action is not a party to the declaratory judgment action, any judgment in federal court would not be binding on him. *See Bituminous*, 373 F.3d at 814 ("[A]n adverse judgment against [defendant] in the state court action could still leave [the insurance company] subject to liability in a subsequent collection suit by [the state court plaintiff] against [it]."); *Travelers*, 495 F.3d at 272 (Granting the declaratory relief sought "does nothing to . . . 'clarify the legal relationship' between the other parties. Significantly, parties who may be potentially affected by the judgment, including the estates of Wampler and Caudill, were not joined in the federal district court action…. As non-parties, [they] are not bound by the entry of a declaratory judgment.

15

Thus, we conclude that the first two factors weigh against federal jurisdiction.").

This factor weighs against exercising jurisdiction.

### C. Third Factor: Procedural Fencing

Here, the Court must consider whether the use of the declaratory judgment action is motivated by "procedural fencing" or "likely to create a race for *res judicata*." *Flowers*, 513 F.3d at 558. This factor "is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.'" *Id.* (citation omitted).

Courts "are reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id.* When the plaintiff filed its suit after the state court litigation began, the Sixth Circuit "generally give[s] the plaintiff 'the benefit of the doubt that no improper motive fueled the filing of the action.'" *Id.* (citation omitted).

There is no evidence that Travelers filed this action with an improper motive. It is not part of the Underlying Action, and the Underlying Action was filed long before Travelers filed this suit.

The third factor favors exercising jurisdiction.

**D.     Fourth Factor: Friction Between Federal and State Courts**

The fourth factor – i.e., whether accepting jurisdiction would increase

friction between federal and state courts – has three sub-factors: "(1)

whether the underlying factual issues are important to an informed

resolution of the case; (2) whether the state trial court is in a better position

to evaluate those factual issues than … the federal court; and (3) whether

there is a close nexus between underlying factual and legal issues and

state law and/or public policy, or whether federal common or statutory law

dictates a resolution of the declaratory judgment action." *Flowers*, 513 F.3d

at 560.

The first sub-factor is important here.  When "resolution of the issue

raised in federal court will require making factual findings that might conflict

with similar findings made by the state court . . . the exercise of jurisdiction

would be inappropriate." *Flowers*, 513 F.3d at 560.

Citing *Flowers*, Superior Tire says the first sub-factor *and* the fourth

factor overall favors abstention because if the Court issues a declaratory

judgment, it would likely make factual findings that the state court could

decide differently in the Underlying Action; particularly, Superior Tire says

that whether Collins properly served it in the Underlying Action is

17

inextricably linked with whether Superior Tire gave notice to Travelers "as soon as practicable."

Travelers disagrees; it says a declaratory judgment by this Court would not likely determine an issue that the state court could decide differently in the Underlying Action.  Travelers says the factual issues in this action pertain to Superior Tire's actual knowledge of the Underlying Action, not whether Collins properly served it with the Complaint.

Although Travelers is correct that this Court would not decide whether Collins properly served Superior Tire in the Underlying Action, the Court finds that resolving the notice issue tied to the insurance coverage dispute would require making factual findings that might conflict with similar findings made by the state court.  As explained in discussing the first factor, this Court's factual findings regarding notice – including, among other things, when Collins sent Superior Tire notice, what Collins sent to Superior Tire, how Collins notified Superior Tire, and what Superior Tire received from Collins and when it received it – would likely overlap with factual determinations the state court must make.  Under the circumstances, "the exercise of jurisdiction would be inappropriate." *Flowers*, 513 F.3d at 560. Thus, the first sub-factor and factor four generally weigh against exercising jurisdiction. *Id.*

18

"The second sub-factor focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Flowers*, 513 F.3d at 560.  The Sixth Circuit "generally consider[s] state courts to be in a better position to evaluate novel questions of state law." *Id.*  The parties agree that this case does not present any novel question of state law.  Therefore, the second sub-factor supports the exercise of jurisdiction.

The third sub-factor focuses on "whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court." *Flowers*, 513 F.3d at 561.

While "issues of insurance contract interpretation are questions of state law with which . . . state courts are more familiar and . . . better able to resolve[,] . . . not all issues of insurance contract interpretation implicate such fundamental state policies that federal courts are unfit to consider them." *Id.* (citations omitted).  The third sub-factor weighs in favor of exercising jurisdiction; although the declaratory judgment action involves an issue of insurance contract interpretation, the dispute does not implicate such fundamental state policies to require this Court to abstain.

Nevertheless, because exercising jurisdiction would likely require making factual findings that may conflict with similar findings by the state court, the fourth factor favors abstention.  *Flowers*, 513 F.3d at 560.

19

### E.   Fifth Factor: Alternative Remedy

The fifth factor asks "whether there is an alternative remedy which is better or more effective" than federal declaratory relief.  *Grand Trunk*, 746 F.2d at 326.  If there is, the Court should deny declaratory relief.  *Id.*

Superior Tire says this factor weighs in favor of abstention because Travelers could have sought declaratory judgment in state court, or it could file an indemnity action at the end of the Underlying Action.  Travelers admits that alternative remedies exist, but it says nothing about this case would make those remedies better or more effective than federal declaratory relief.

As with the first two factors, Sixth Circuit precedent is split regarding whether the possibility of seeking a declaratory judgment or an indemnity action in state court counsels against the Court exercising jurisdiction. *Compare, e.g., Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003) ("[I]ntervening in the state court action would not necessarily have provided a better or more effective alternative remedy."), *and Byler v. Air Methods Corp.*, 823 Fed. Appx. 356, 367 (6th Cir. 2020) (finding that the fifth factor "does not cut against exercise of jurisdiction" where "[a]nother option would be for plaintiffs to bring a declaratory judgment action in state court" because, "[w]hile this would likely entail

20

similar advantages as a federal declaratory action, it is not clear that the

state-law remedy would be superior"), *with Travelers*, 495 F.3d at 273

(finding that the alternative remedies of a state declaratory judgment or

indemnity action "weighed against federal discretionary jurisdiction"), *and*

*Bituminous*, 373 F.3d at 816 (finding that plaintiff "could have presented its

case to the same court that will decide the underlying tort action" and that

"a superior alternative remedy exists in the form of an indemnity action filed

at the conclusion of the underlying state action").

This factor does not weigh strongly in favor of either party.

### F.   Balancing the Factors

On balance, the factors weigh against the exercise of jurisdiction.

## IV.   CONCLUSION

The Court **GRANTS** Superior Tire's motion to dismiss [ECF No. 13]

and **DISMISSES** the case **WITHOUT PREJUDICE**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 21, 2023